1  Timothy M. Freudenberger, State Bar No. 138257
   tfreud@cdflaborlaw.com
2  Sarah N. Drechsler, State Bar No. 223820
   sdrechsler@cdflaborlaw.com
3  CARLTON DiSANTE & FREUDENBERGER LLP
   2600 Michelson Drive, Suite 800
4  Irvine, California 92612
   Telephone: (949) 622-1661
5  Facsimile: (949) 622-1669

6  David L. Terry, North Carolina State Bar No. 11113
   dterry@poynerspruill.com
7  David L. Woodard, North Carolina State Bar No. 19343
   dlwoodard@poynerspruill.com
8  POYNER SPRUILL LLP
   301 S. College Street, Suite 2300
9  Charlotte, North Carolina 28202
   Telephone: (704) 342-5250
10 Facsimile: (704) 342-5264

11 Attorneys for Defendants
   ESTES EXPRESS LINES and G.I. TRUCKING
12 COMPANY dba ESTES WEST

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15

16 BRADFORD COLEMAN, individually,          Case No. CV 10-02242 MMM(AJWx)
   and on behalf of other members of the
17 general public similarly situated, and as   Judge Margaret M. Morrow
   aggrieved employee pursuant to the         Dept: 780
18 Private Attorneys General Act ("PAGA"),
                                              **SECOND DECLARATION OF**
19            Plaintiffs,                     **BRENDA GERCZAK IN**
                                              **SUPPORT OF DEFENDANTS'**
20        vs.                                 **OPPOSITION TO MOTION FOR**
                                              **ORDER REMANDING MATTER**
21 ESTES EXPRESS LINES, INC., a              **TO STATE COURT**
   Virginia Corporation; ESTES WEST, a
22 business entity form unknown; G.I.        Date:   June 14, 2010
   TRUCKING COMPANY; and DOES 1              Time:   10:30 a.m.
23 through 9, inclusive,

24            Defendants.                     Action Filed:   December 31, 2009
                                             Removal Date:   March 26, 2010
25

26

27

28
                                             Second Declaration of Brenda Gerczak
   Carlton DiSante &                         iso Opposition to Motion to Remand
   Freudenberger LLP

   381703.1

## SECOND DECLARATION OF BRENDA GERCZAK

I, Brenda Gerczak, declare as follows:

1.      I am a person over the age of 18 years and am competent to testify to the matters contained in this Declaration. I have personal knowledge of the facts stated herein, and if called and sworn as a witness in this matter, I could and would testify as set forth herein. I make this declaration in support of Defendants Estes Express Lines' ("Estes Express") and G.I. Trucking Company, d/b/a Estes West's ("Estes West"), (referred to collectively herein as the "Defendants" or "Estes") Notice of Removal and Plaintiff Bradford Coleman's ("Plaintiff's") Motion to Remand.

2.      I am employed by Estes Express as Director of Human Resources. My office is in Richmond, Virginia. I have held the position of Director of Human Resources since August 1, 1997. In my position as Director of Human Resources, I have access to documents and information pertaining to the relationship between Estes Express and Estes West. I also have knowledge of facts pertaining to the control by Estes Express over Estes West with regard to the establishment of payroll policy and practice and all other human resources functions.

3.      Estes Express completed acquisition of one hundred percent of Estes West in 2005. Estes Express has owned one hundred percent of Estes West since that time and up to the present day. Estes Express assumed complete control over payroll practices and functions immediately after it completed its acquisition of Estes West. Since the acquisition, Estes Express has directed every aspect of the payroll function in California, including establishing pay periods, pay days and pay rates for all employees in California and elsewhere in the Estes West region. Estes Express decides whether employees in the Estes West region, including California, will be classified as exempt or non-exempt from overtime requirements based on the job functions for such employees, which job functions are determined solely by Estes Express. Estes Express sets policy and determines and controls the process and procedures for employees to take meal and rest breaks in California. Estes Express

381703.1

1  determines the content and format of paychecks and pay stubs that are provided to
2  Estes employees in California. Estes Express also sets and enforces the timing of
3  final paychecks that are provided to California employees upon separation from
4  employment. Since completing its acquisition of G.I. Trucking Company in 2005,
5  Estes Express has coordinated the lay off of all but one employee who worked in the
6  former G.I. Trucking Company payroll department. At present, there is one payroll
7  analyst working for Estes in California. She has no authority to determine pay
8  practices or to vary from policy or practices set by Estes Express. This sole payroll
9  analyst reports directly to the Payroll Manager for Estes Express in Richmond,
10 Virginia. The Payroll Manager and the Human Resources Department for Estes
11 Express in Richmond has the exclusive responsibility for enforcing payroll policy
12 and ensuring payroll obligations are met for Estes' California employees. Paychecks
13 for employees of Estes in California are currently drafted by employees of Estes
14 Express in Richmond, Virginia under the supervision of the Estes Express Payroll
15 Manager. In sum, Estes West exercises no authority over any aspect of payroll in
16 California. It has no ability to independently set policy, make payroll decisions, to
17 vary from decisions and policy set by Estes Express or even to cut payroll checks for
18 California employees. All such authority lies solely with Estes Express in Virginia.
19       4.     In addition to matters of payroll, Estes Express maintains control over
20 all other general terms of employment for California employees. Estes Express
21 promulgates all employment policies and practices for employees in California.
22 Estes Express selects and provides all benefits that are available to California
23 employees. Estes Express drafted and issued the employee handbook that is used in
24 the Estes West region. Estes Express sponsors and administers all current employee
25 benefit plans for all Estes employees. Estes Express determines what group benefits
26 plans will be offered to all employees of Estes, including California employees.
27 Estes Express makes all decisions with regard to benefit plan amendments,
28 elimination of benefits, and the nature and scope of benefits provided by policy, such

Second Declaration of Brenda Gerczak
iso Opposition to Motion to Remand

381703.1

1  as vacation, sick leave, and holiday pay. Estes Express determines the job functions
2  and adopts the job descriptions for every employment position in the State of
3  California. Since Estes Express completed its acquisition of Estes West in 2005,
4  business conditions and various operational decisions made by Estes Express have
5  necessitated a reduction in the number of employees working for Estes in California.
6  Estes Express made all decisions regarding the selection criteria and actual selection
7  of employees for elimination as a result of these reductions in force. Estes Express
8  makes all decisions with regard to whether severance benefits will be offered to
9  groups of employees whose positions are eliminated and pays such benefits when
10  offered. Estes West has no influence on any such employment related decisions. All
11  such decisions are made by the Human Resources Department for Estes Express in
12  Richmond, Virginia. Estes West has no human resources department and has no
13  benefits department. There is a regional human resources manager assigned to the
14  Estes West region, but she reports directly to the Director of Human Resources for
15  Estes Express in Richmond, Virginia. In this regard Estes West functions exactly the
16  same as the other regions of Estes Express, where regional human resource managers
17  are assigned and report to the Director of Human Resources in Virginia. In sum,
18  Estes Express possesses and maintains complete control over every significant term
19  of employment for every Estes employee in the State of California. Local managers
20  in the Estes West region give day to day instructions to employees, but such
21  instructions are given strictly within the operating rules and guidelines established by
22  Estes Express in Virginia.

23      5.    Estes West does not have the funds to satisfy a potential judgment in the
24  lawsuit brought by Bradford Coleman; only Estes Express would possess such funds.
25  Although, in compliance with California law, Estes maintains a bank account in
26  California for payroll purposes, the account is funded entirely by Estes Express from
27  its own funds. Were it not for California law requiring Estes Express to run payroll
28  through a California bank account, it would pay California employees out of its own

3

Second Declaration of Brenda Gerczak
iso Opposition to Motion to Remand

1  account, rather than make weekly deposits to the payroll account in California.  Estes
2  Express not only performs the mechanical operation of drafting payroll checks, it is
3  the sole source of funds to pay them.

4      6.      Estes West has no source of revenue.  Estes Express supplies all funds
5  needed for the operation of the Estes West region.  Revenue in Estes' trucking
6  operation is derived from bills submitted to customers who use Estes to transport
7  freight.  As with all other Estes Express regions, all bills for the services rendered in
8  the Estes West region are prepared and billed to customers by Estes Express.  This
9  billing operation is located in Richmond, Virginia and is staffed entirely by Estes
10 Express employees.  All monies paid by customers on account of these invoices are
11 paid directly to Estes Express and retained by Estes Express except for the money
12 needed to fund the payroll account for Estes West.  Estes Express accounts for all
13 such funds.  Estes West receives no income from any other source.  Consequently,
14 Estes West does not file an independent tax return.  Rather, Estes Express files a
15 consolidated return for itself and Estes West.

16     7.      Estes Express controls all corporate functions of Estes West.  Estes
17 West does not hold board meetings.  Its Board of Directors is completely comprised
18 of employees of Estes Express.  Estes West does not have its own business plan, it
19 does not establish its own budget, and it does not otherwise operate independently
20 from Estes Express.  The purpose and activities of Estes West and Estes Express are
21 identical—the transportation of freight.  Since Estes Express completed its
22 acquisition of G.I. Trucking, Estes Express has purchased all the equipment for use
23 in the Estes West region, such as trucks and trailers used in transporting freight.
24 Estes Express performs all maintenance on this equipment.  Estes Express makes no
25 effort to distinguish Estes West from Estes Express to the general public.

26     8.      The only functioning officer position in the Estes West region is a
27 Regional Vice President.  The Regional Vice President is on the same level and has
28 the same job functions as all other Regional Vice Presidents employed by Estes

4

Second Declaration of Brenda Gerczak
iso Opposition to Motion to Remand

381703.1

1   Express in its other non-incorporated regional divisions.  The Regional Vice
2   President of Estes West is on the Estes Express payroll.  Estes West functions as and
3   is operated as a region within Estes Express, identically to the other regions under
4   Estes Express.  Estes Express' other regions are the Southwest, Southeast, Northeast
5   and Upper Midwest.  All Regional Vice Presidents, including the Regional Vice
6   President for the Estes West region, report to the Vice President of Sales and the
7   Vice President of Operations for Estes Express.  They also have a direct line report to
8   Estes Express' Executive Vice President.  The Regional Vice President over the
9   Estes West region has no authority to establish any policy, to make company wide or
10  regional operational decisions, or to otherwise direct Estes' operations.  Any such
11  decisions require approval or action by an Estes Express employee or officer with
12  supervisory authority over the Estes West Regional Vice President.  All financial and
13  accounting information for Estes West is managed and maintained in Richmond,
14  Virginia by Estes Express' Chief Financial Officer.
15          I declare under penalty of perjury under the laws of the State of California and
16  the United States of America that based on my review of Estes' records, the
17  foregoing is true and correct.
18          Executed on this 24th day of May, 2010, at Richmond, Virginia.
19
20                                                          Brenda Gerczak
21
22
23
24
25
26
27
28
                                          5        Second Declaration of Brenda Gerczak
                                                   iso Opposition to Motion to Remand

381703.1